341 F.2d 585
 Donovan Edward RUBY, Seaman 2nd Class USN Service No. 299 25 51, Appellant,
v.
UNITED STATES of America and the Secretary of the United States Navy, Washington, D. C., Appellees.
 No. 19683.
 United States Court of Appeals Ninth Circuit.
 February 12, 1965.
 
 1
 Donovan Edward Ruby, in pro. per.
 
 
 2
 Cecil F. Poole, U. S. Atty., Howard H. Brandenburg, Sp. Asst. U. S. Atty., San Francisco, Cal., for appellee.
 
 
 3
 Before POPE and BROWNING, Circuit Judges, and THOMPSON, District Judge.
 
 
 4
 THOMPSON, District Judge.
 
 
 5
 This is an appeal from an order of the District Court denying Appellant's petition for a writ of habeas corpus. The order was entered on the petition alone, without issuance of an alternative writ or an order to show cause.
 
 
 6
 The petition seeks the issuance of a writ of habeas corpus to require the Secretary of the Navy to produce the body of the petitioner before the Court to compel a proper and legal discharge, separation or retirement of the petitioner from the United States Navy. The petition alleges that on December 15, 1931, the Secretary of the Navy issued an undesirable discharge from service with respect to petitioner without investigation, board hearing or court martial. The petition further alleges that on August 14, 1964, the Executive Secretary of the Navy Department informed petitioner "that all administrative remedies within the Department of the United States Navy are exhausted as to the herein matter and that your petitioner is free to seek relief through judicial channels." The petition does not show that petitioner is now in custody or that he is presently subjected to any type of restraint or confinement.
 
 
 7
 The District Court properly found no basis for habeas corpus where there is no complaint of illegal restraint or confinement, relying upon Hooper v. Hartman, (9 CCA 1959), 274 F.2d 429.
 
 
 8
 Petitioner nevertheless insists that his case is governed by Harmon v. Brucker, 1958, 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed. 2d 503. That decision is of assistance to him only insofar as it holds that an illegal discharge issued by the Secretary of the Army is subject to timely judicial review after all administrative remedies have been exhausted. It did not involve and does not support the use of the extraordinary writ of habeas corpus to obtain review of such allegedly illegal agency action.
 
 
 9
 Inasmuch as petitioner is without counsel, we have undertaken to determine whether or not the petition should have been retained by the District Court as an ordinary civil action seeking review of allegedly arbitrary, unreasonable and illegal agency action. The instant petition is, of course, devoid of proper allegations to support judicial review of whatever final action by the Secretary of the Navy may be implied from the alleged information received by petitioner on August 14, 1964. We may speculate that the petition might be amended to cure the deficiency.
 
 
 10
 Even so, we think it is not incumbent on a court or judge entertaining an application for a writ of habeas corpus to consider it as some other form of action. The extraordinary remedy of habeas corpus requires the court, justice or judge to act "forthwith" and to "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto" (28 U.S.C. § 2243), and in the latter circumstance, the writ should be denied. Ex parte Quirin, 1942, 317 U.S. 1, 63 S. Ct. 2, 87 L.Ed. 3. The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application. The ordinary rules of civil procedure are not intended to apply thereto, at least in the initial, emergency attention given as prescribed by statute to the application for the writ. F.R.Civ.P. 81(a) (2). It is therefore, not the duty of the court, justice or judge reviewing the application for the writ to speculate whether or not it might be amended or supplemented to invoke the court's jurisdiction to grant some other remedy, excepting, of course, the propriety of treating a petition by a federal prisoner denominated as one for habeas corpus as a motion to vacate judgment and sentence under 28 U.S.C. § 2255. One who seeks to invoke the extraordinary, summary and emergency remedy of habeas corpus must be content to have his petition or application treated as just that and not something else.
 
 
 11
 The order of the District Court is affirmed.