Kevin HICKEY; Melissa Lorene Hickey; and Jenny Leigh Hickey, Appellants,

v.

Lola Ann BAXTER; Edward Baxter; and Doll Baxter, Appellees.

No. 85–2358.

United States Court of Appeals, Fourth Circuit.

Argued June 6, 1986.

Decided Sept. 15, 1986.

Stephen M. Garver, Reston (Garver & Moller, Reston, on brief), for appellants.

W. Michael Holm, Fairfax (Alan B. Croft, Hazel, Beckhorn and Hanes, Fairfax, on brief), for appellees.

Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

WILKINSON, Circuit Judge:

Kevin Hickey appeals from the dismissal of his suit to win custody of Melissa Lorene Hickey and Jenny Leigh Hickey from their mother and present custodian, Lola Ann Baxter. We vacate the judgment of the district court and remand for further proceedings.

Melissa Lorene Hickey and Jenny Leigh Hickey were born in Chattahoochee, Florida and lived there with their parents, Kevin Hickey and Lola Ann Baxter, until August 1981. The family then lived in Fairfax County, Virginia until June 10, 1983, when the mother and children returned to Chattahoochee. In September 1983 Hickey filed in the Juvenile and Domestic Relations Court for Fairfax County a petition for custody of the children. On November 7, Baxter was served with notice of Hick-

ey's suit and of a hearing scheduled for November 22 in Fairfax. She filed a motion to dismiss the case and, pursuant to Va.Code § 20–132, filed with the Virginia court a copy of the custody and support complaint that she had filed in state court in Gadsden County, Florida. Just as Baxter had challenged Virginia as the proper forum state, Hickey objected to jurisdiction in the Florida suit.

The Virginia court entered an order on November 23 that granted temporary custody to Hickey. Four weeks later, on December 27, the Florida court heard Baxter's petition, and on January 19, 1984, it entered an order that granted permanent custody to Baxter. The Virginia court in turn awarded permanent custody to Hickey on February 22. After the First District Court of Appeals for the State of Florida remanded the case on December 28, 1984, the Gadsden County court conducted another hearing and, deciding that the Virginia court orders were not a cognizable exercise of jurisdiction, again awarded permanent custody to Baxter. The First District Court of Appeals affirmed this order on October 31, 1985.

■ Meanwhile, Hickey had on July 25, 1985 filed a complaint in the federal district court for the Eastern District of Virginia in which he sought a writ of *habeas corpus* and enforcement of the Virginia custody order in accordance with the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A. On October 4, 1985 the district court dismissed the plea for *habeas corpus* as unauthorized and dismissed the enforcement action on the reasoning that "[t]his is an area where the federal courts have abstained and should continue to do so." Hickey now appeals.

The district court correctly dismissed the petition for a writ of *habeas corpus.* We have held that "federal *habeas corpus* is unavailable in suits between private parties where the object of the suit is to ascertain the custody of a child." *Doe v. Doe,* 660 F.2d 101, 105 (4th Cir.1981).

■ The district court erred, however, in dismissing Hickey's other request for relief. The traditional "domestic relations" restriction on federal jurisdiction does not apply to a complaint brought under § 1738A to enforce one of two conflicting state custody orders. *See McDougald v. Jenson,* 786 F.2d 1465 (11th Cir.1986); *Heartfield v. Heartfield,* 749 F.2d 1138 (5th Cir.1985); *Flood v. Braaten,* 727 F.2d 303 (3rd Cir.1984). We therefore remand to the district court for further proceedings on this aspect of Hickey's claim.

■ The ultimate determination upon remand will be whether the Virginia custody order deserves full faith and credit under the PKPA. The district court may not address the merits of any custody determination under the federal statute, but serves as a referee between conflicting state custody decrees. Obviously, it would be preferable if the states involved could first resolve the conflict themselves.

In this connection, the district court may wish to retain jurisdiction and return the case to the Juvenile and Domestic Relations Court for Fairfax County. We suggest this for two reasons. One of the statutory purposes of the PKPA is to "promote and expand the exchange of information and other forms of mutual assistance between States which are concerned with the same child." 28 U.S.C. § 1738A (note). Likewise, the Uniform Child Custody Jurisdiction Act, Va.Code § 20–129C, requires that "[i]f the [Virginia] court is informed that a proceeding was commenced in another state after it assumed jurisdiction, it shall likewise inform the other court to the end that the issues may be litigated in the more appropriate forum." While we do not address whether § 20–129C is jurisdictional for purposes of § 1738A(c)(1) of the PKPA, we nonetheless believe that fulfillment of this statutory directive is a useful preliminary step to bringing a federal action.

As a further matter, this litigation has now become quite lengthy and includes an appeal to this court and a remand for further proceedings below. During this period, the two children have continued to live

in their Florida home and their Florida surroundings. As the touchstone of custody disputes has always been the welfare of the children in question, communication between the Virginia and Florida courts upon remand of this matter may further serve that end.

VACATED AND REMANDED.