Stanislaw W. **ZAJACZKOWSKI,**
Petitioner,

v.

Jolanta T. **ZAJACZKOWSKA,**
Respondent.

Civil No. PJM 96–1799.

United States District Court,
D. Maryland,
Southern Division.

July 26, 1996.

---

Stanislaw W. Zajaczkowski, Washington, DC, pro se.

## OPINION

MESSITTE, District Judge.

On June 10, 1996, *pro se* Petitioner Stanislaw Zajaczkowski filed this action under the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention")[1] and its implementing legislation, the International Child Abduction Remedies Act, 42 U.S.C.A. §§ 11601–11610 (West 1995) ("ICARA"). Petitioner seeks an Order compelling Respondent Jolanta T. Zajaczkowska to return the parties' minor child, Jan Krys-

---

1. Convention on the Civil Aspects of International Child Abduction, *done at The Hague* Oct. 25, 1980, T.I.A.S. No. 11,670. For background on the Convention, *see* Lynda R. Herring, Comment, *Taking Away the Pawns: International Parental Abduction & the Hague Convention*, 20 N.C.J. Int'l L. & Com.Reg. 137 (1994); Monica Marie Copertino, Comment, *Hague Convention On the Civil Aspects of International Child Abduction: An Analysis of Its Efficacy*, 6 Conn.J.Int'l L. 715 (1991); Caroline LeGette, Note, *International Child Abduction and the Hague Convention: Emerging Practice and Interpretation of the Discretionary Exception*, 25 Tex.Int'l L.J. 287 (1990).

tian Zajaczkowski ("Jan"), to Petitioner's custody in Poland.

■ The Court has jurisdiction pursuant to 42 U.S.C.A. § 11603 and applies the substantive law of the Convention, 42 U.S.C.A. § 11603(d). The procedure in cases such as this is summary and looks only to the issue of whether a child has been "abducted from [his or her] country of habitual residence or wrongfully retained outside that country." Letter of Transmittal by President Ronald Reagan, 1988 U.S.C.C.A.N. 386, 386–87; *see also* 42 U.S.C.A. § 11601(a); Joel R. Brandes & Carole L. Weidman, *International Child Abduction,* N.Y.L.J., October 26, 1993, at 3. No hearing on the merits of a custody dispute is contemplated. *See* Convention art. 19; 42 U.S.C.A. § 11601(b)(4).

■ There are, however, no special procedural rules prescribing the course of action for a federal court when a petition under the Convention and ICARA is filed, and the legislative history of ICARA provides little by way of enlightenment. To date, for example, Respondent has not been served a copy of the Petition.[2] The preliminary question is how the Court ought to proceed given that lack of service.

Unquestionably at the heart of the Convention is prompt action by courts. Convention art. 11; *see also Walton v. Walton,* 925 F.Supp. 453 (S.D. Miss. 1996) (court ruled on merits of petition thirty days after petition was filed); *Navarro v. Bullock,* 15 Fam. L.Rep. (BNA) 1576 (Cal.Super.Ct. Sept. 1, 1989) (court ruled on merits of petition eight days after petition was filed). This comports with the obvious desideratum that any dispute involving custody of a child be decided quickly so as to minimize the anxiety and unsettlement of the child and to avoid assimi-

lation of the child into strange environs which could lead to subsequent difficulties in separation. *See Herring, supra,* at 148; Copertino, *supra,* at 722.

The rules of procedure applicable to ordinary civil cases would seem to be at odds with the Convention and ICARA's premium on expedited decision-making. Twenty days to answer a petition, Fed.R.Civ.P. 12(a)(1)(A), utilization of various discovery devices, Fed.R.Civ.P. 33 (interrogatories); Fed.R.Civ.P. 31 (depositions), and extended trial time work at cross-purposes to the objective of prompt disposition. In the Court's view, however, there exists a familiar vehicle suitable to these circumstances and that is the writ of habeas corpus.[3] While the writ is not mentioned in ICARA, its office is to test the legality of an alleged wrongful detention. 39 Am.Jur.2d *Habeas Corpus* § 1 (1968). This translates rather easily into a test of wrongful abduction or retention within the meaning of the Convention.

■ The key purposes of the habeas remedy are strikingly similar to those behind the Convention and ICARA. First, as a procedural device, writs of habeas corpus are to be dealt with in an expeditious manner. They are intended to afford a swift and imperative remedy in all cases of illegal restraint or confinement. *Johnson v. Rogers,* 917 F.2d 1283, 1284 (10th Cir.1990) (citing *Fay v. Noia,* 372 U.S. 391, 400, 83 S.Ct. 822, 828, 9 L.Ed.2d 837 (1963)). A habeas application usurps the attention and displaces the calendar of the judge who entertains it and receives prompt action from him or her within the four corners of the application. *Ruby v. United States,* 341 F.2d 585, 587 (9th Cir. 1965), *cert. denied,* 384 U.S. 979, 86 S.Ct.

---

2. Petitioner has moved for service by the U.S. Marshal pursuant to Rule 4(c)(2). He says Respondent's work address is Metrica Corporation, 600 Army Navy Drive, Arlington, Virginia. While Petitioner does not know Respondent's home address, he alleges that she lives in Prince George's County, Maryland and that the child Jan is enrolled as a student at Avalon Elementary School in Prince George's County. This Opinion renders MOOT Petitioner's Motion to Shorten Time to File an Answer.

3. "Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). The Federal Rules of Civil Procedure are only applicable to proceedings for habeas corpus "to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions." Fed.R.Civ.P. 81(a)(2); *see also Ruby v. United States,* 341 F.2d 585, 587 (9th Cir.1965), *cert. denied,* 384 U.S. 979, 86 S.Ct. 1877, 16 L.Ed.2d 689 (1966) (ordinary rules of civil procedure do not apply in a habeas proceeding).

1877, 16 L.Ed.2d 689 (1966). The Convention likewise contemplates quick action; a period of six weeks from the date of the filing of the petition to the court's decision is envisioned. *See* Convention art. 11 ("If the judicial or administrative authority concerned has not reached a decision within six weeks from the date of commencement of the proceedings, the applicant ... shall have the right to request a statement of the reasons for the delay."); 22 C.F.R. § 94.6(h) (1995) (requiring United States authorities, upon request by a petitioner, to seek a report on the status of court action when no decision has been reached by the end of six weeks). The time frame associated with habeas matches the intent of the Convention far better than ordinary federal procedural rules would.

■ Moreover, "[t]he writ of habeas corpus is a procedural device for *subjecting ... private restraints on liberty to judicial scrutiny*," *Peyton v. Rowe*, 391 U.S. 54, 58, 88 S.Ct. 1549, 1551, 20 L.Ed.2d 426 (1968) (emphasis added), which is precisely what the Convention envisions in the context of the wrongful abduction or retention of children. Notably, in the history of the common law,[4] habeas has traditionally been used to test the legality of an alleged wrongful detention of a child. The writ "was not calculated to try the rights of parents and guardians to the custody of infant children, but was frequently used when children were detained from their parents or guardians on the ground that such detention from legal custody was equivalent to illegal restraint and imprisonment." *Burns v. Bines*, 189 Md. 157, 161, 55 A.2d 487, 489 (1947) (citation omitted).

■ Even in federal courts, habeas has been available on a limited basis where child custody is involved. *See generally* Kurtis A. Kemper, Annotation, *Availability of Federal Habeas Corpus Relief, Under 28 USCS §§ 2241 and 2254, In Child Custody Cases*, 49 A.L.R.Fed. 674 (1980).[5] In *Nguyen Da Yen v. Kissinger*, 528 F.2d 1194 (9th Cir. 1975), the court held that habeas jurisdiction was proper in a suit brought to challenge the legality of the custody of a class of children. *Id.* at 1202–03. The court noted that "custodial restraints on a minor child, even if voluntarily submitted to by the child, have long been held a sufficient deprivation of the child's liberty to be tested by way of habeas corpus." *Id.* at 1202 (citing cases).[6]

The fact that a treaty and a statute of the United States are involved strengthens the case for allowing habeas relief. The federal habeas statute predicates the grant on the character of the custody and specifically includes reference to a person "in custody in violation of the Constitution *or laws or treaties of the United States*." 28 U.S.C.A. 2241(c)(3) (West 1994) (emphasis added).[7]

---

4. Because the federal statute does not attempt to define the terms "habeas corpus" or "custody," a determination of the appropriate use of the writ must involve recourse to the common law. *Peyton*, 391 U.S. at 59, 88 S.Ct. at 1552.

5. In ordinary child custody disputes, habeas corpus is inappropriate and unavailable. *E.g., Hickey v. Baxter*, 800 F.2d 430 (4th Cir.1986). More generally, the Court acknowledges that federal courts do not ordinarily enter into the thicket of child custody proceedings either by way of habeas or any other means. *See, e.g., Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir.1980) ("[T]he district courts have no original diversity jurisdiction to grant a divorce, to award alimony, to determine child custody, or to decree visitation."). But the critical point is that ICARA proceedings are not, by express language, determinative of "the merits of any underlying child custody claims;" they only determine "rights under the Convention." 42 U.S.C. § 11601(b)(4); *see also* Convention art. 19 ("A decision under this Convention concerning the return of the child shall

not be taken to be a determination on the merits of any custody issue."). Moreover, Congress clearly conferred original jurisdiction over the federal district courts (along with the state courts) to adjudicate rights under the Convention. 42 U.S.C. § 11603(a).

6. Compare *Huynh Thi Anh v. Levi*, 427 F.Supp. 1281 (E.D.Mich.1977), *aff'd*, 586 F.2d 625 (6th Cir.1978), in which the court held that habeas was not appropriate and distinguished *Nguyen Da Yen* by noting that in *Huynh Thi Anh* any winner of the ultimate custody battle would keep the children in the United States. 427 F.Supp. at 1287. "There is no allegation or pretense that the plaintiffs are attempting to obtain custody to return the children to Vietnam." *Id.* Under that set of facts, the *Huynh Thi Anh* court determined that available state court remedies were superior and declined to afford federal habeas relief.

7. As noted above, the fact that the custody is private does not eliminate the possibility of habeas relief. *See Peyton v. Rowe*, 391 U.S. 54, 58, 88

Finally, at least one federal district court has applied the habeas procedure in a case under the Convention and ICARA, although it did not, at least in a published opinion, explain its reasoning for doing so. *See Walton v. Walton*, 925 F.Supp. 453, 455–56 (S.D.Miss. 1996) ("On April 15, 1996, [Petitioner] filed the subject petition in this Court and a Writ of Habeas Corpus was issued that day requiring [Respondent] to appear before this Court on May 13, 1996, to show cause why [the child] should not be returned to Australia.")

In view of the foregoing, the Court will treat the instant petition as an application for a writ of habeas corpus. Accordingly, pursuant to 28 U.S.C.A. § 2243, the Court has conducted a preliminary review of the application and it is not plainly apparent that Petitioner is entitled to no relief. The Court will thus order Respondent to appear before the Court on August 8, 1996, at 10:00 a.m. and show cause why a writ of habeas corpus should not issue and why Jan should not be returned to Poland.[8] Respondent will be ordered to "produce at the hearing the body of the person detained," i.e., Jan. 28 U.S.C.A. § 2243. The Court will hear evidence and argument in summary fashion and decide the case at the hearing, unless, for good cause shown, it finds reason for delay.

The U.S. Marshal will be directed to promptly serve a copy of the Petition, this Opinion and the accompanying Order on Respondent at her work address as provided by Petitioner.

An appropriate Order will be entered.

### ORDER TO SHOW CAUSE

Upon a review of the instant Petition, for the reasons stated in the accompanying Opinion, it is this 26th day of July 1996

ORDERED that Respondent SHALL APPEAR before the Court in Courtroom 4C, 6500 Cherrywood Lane, Greenbelt, Maryland 20770 on **August 8, 1996 at 10:00 a.m.,** and SHOW CAUSE, if any she may have, why Petitioner's Petition should not be granted, why a writ of habeas corpus should not issue and why Jan Krystian Zajaczkowski should not be returned to Poland; and it is further

ORDERED that Respondent SHALL PRODUCE at the aforementioned hearing the body of Jan Krystian Zajaczkowski; and it is further

ORDERED that the United States Marshals Service shall promptly SERVE a copy of this Order, the accompanying Opinion and the Petition on Respondent Jolanta T. Zajaczkowska at Metrica Corporation (contractor for Drug Enforcement Agency), 600 Army Navy Drive, Arlington, Virginia; and it is further

ORDERED that the Clerk of Court shall MAIL a copy of this Order and the accompanying Opinion to Petitioner via first-class mail.

---

S.Ct. 1549, 1551, 20 L.Ed.2d 426 (1968); *Nguyen Da Yen*, 528 F.2d at 1202.

8. The federal habeas statute allows the Court to either award the writ or issue an order directing the respondent to show cause why the writ should not be granted. 28 U.S.C. § 2243. The statute requires the respondent to "make a return certifying the true cause of the detention" within three days unless for good cause additional time is allowed. *Id.* After the return, a hearing must be set within five days (unless for good cause additional time is allowed). For the convenience of the parties and the Court in the present case, no written return or other pleading will be required. Respondent may, but need not, submit a written response to the Petition to the Court, with a copy to Petitioner, at or before the date of the hearing.