## SEHON CHINN v. UNITED STATES.

### Cr. No. 7442.

United States District Court
S. D. West Virginia, Huntington Division.

May 18, 1948.

See also 85 F.Supp. 558.

Charles Wilson, Huntington, W. Va., for plaintiff.

L. E. Given, U. S. Atty., Charleston, W. Va., Milton J. Ferguson, Asst. U. S. Atty., Huntington, W. Va., for defendant.

WATKINS, District Judge.

This is another motion made by Sehon Chinn to vacate a sentence imposed upon him by this court in May, 1944. He was then convicted upon five indictments charging violation of Selective Service Act, 50 U.S.C.A. Appendix, § 301 et seq., theft of mail, robbing a post office inspector and attempt to escape. He was represented by counsel and pleaded guilty to all charges. He was sentenced to serve a total of 16 years and is now at Alcatraz.

After going to Alcatraz he made various pleas to this court by letter for reduction of sentence. When such requests were refused he filed a motion to vacate the sentence upon Indictment No. 7398 charging theft of mail. Such motion was denied. U. S. v. Sehon Chinn, D.C., 5 F.R.D. 226. Upon appeal this court was affirmed. Sehon Chinn v. United States, 4 Cir., 157 F.2d 1013. Thereafter, he made a motion in this court for relief from judgment of sentence in Indictment No. 7399 (robbing post office inspector), and for other relief. These motions were denied, U. S. v. Sehon Chinn, D.C., 74 F.Supp. 189, and upon appeal such action was affirmed. Sehon Chinn v. United States, 4 Cir., 163 F.2d 876.

Petitioner has now made a motion to vacate the sentence imposed upon him in Indictment No. 7442 (Selective Service Act violation). This indictment was in two counts, the first count charging wilful evasion of service by failure to keep his draft board informed as to his correct address, and the second count charging wilful evasion of service by wilfully failing to report for induction. He pleaded guilty to both charges and was given a sentence of three years upon each charge, the sentence on these two counts to run concurrently. Counsel has been appointed for petitioner and the case has been continued until this date to give petitioner an opportunity to produce in affidavit form his own evidence or that of any other

witnesses. Defendant has moved to dismiss the petition but I have set the case down for full hearing upon the merits to give petitioner an opportunity of producing any evidence which he had to support the allegations of his petition.

■ Briefly the petition charges that the draft board did not mail any notice of induction to petitioner; that petitioner did not change his address; that he was under indictment for violations of criminal laws of the United States at the time of re-classification from 4-F to 1-A; and that his failure to keep his local Draft Board informed of his immediate whereabouts while under indictment did not constitute a violation of the Selective Training and Service Act in that "he was not a person subject to induction into the armed forces of the United States." He says he was not subject to induction because he had been charged in an indictment with violation of the criminal laws of the United States. He contends that when he, a registrant under the Selective Service Act, was indicted, arrested, gave bond, and then fled before date of arraignment, he became a fugitive and as such fugitive was no longer subject to induction in the armed services; that he was not required to keep his draft board advised as to his whereabouts, and was not required to respond to any order of his draft board. This argument is so obviously without merit that it does not call for discussion.

■ The petition further alleges that this indictment "was obtained through fraudulent acts on the part of the United States Attorney", and "that the judgment and sentence imposed is void based upon an illegally obtained indictment upon an unlawful presentation to the grand jury". At the hearing on the merits of the petition not a scintilla of evidence was offered by petitioner to sustain this allegation. On the contrary evidence was introduced by respondent, including his Selective Service file, to show that the draft board proceeded as to him in the regular manner.

Petitioner introduced certain papers mailed to him at his last-known address, and also his sister testified in his behalf, but this evidence only supported the regularity of the proceeding of the draft board and the subsequent indictment for evasion of military service. His own evidence answers his contention that no notice of induction was mailed to him, and that he did not change his address. He was wanted for assaulting a federal officer and for months federal officers made a nationwide search for him without success. When found in a foreign state he was living under an assumed name and carried a Selective Service card which he had purchased bearing the name of another person.

■ Furthermore in a proceeding of this kind, after conviction, petitioner is not entitled to re-try the factual issues relating to his guilt or innocence.

With advice and assistance of counsel of his own choice defendant voluntarily entered a plea of guilty to both counts of this indictment. After four years he now says he was not guilty and seeks to vacate the sentence and judgment. It is clear that the petition is wholly without merit either in law or fact. The motion is denied.