Dykes Askew SIMMONS, Jr.,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 5275.

United States Court of Appeals
Tenth Circuit.

Jan. 30, 1956.

**74**

G. Michael Morris, Denver, Colo., for appellant.

H. Dale Cook, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

BRATTON, Chief Judge.

The indictment in this case charged that Dykes Askew Simmons, Jr., transported a stolen automobile in interstate commerce knowing it to have been stolen. The jury found the accused guilty and the court sentenced him to imprisonment. A motion was filed pursuant to the provisions of 28 U.S.C. § 2255 to vacate and set aside the judgment and sentence. The motion was denied and the appeal is from that action.

■ Section 2255, supra, provides in substance that a prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct it. The legislative purpose in the enactment of the statute was to provide that the attack upon a judgment which previously might have been made in a proceeding in habeas corpus should be made by motion filed in the criminal case, unless for some reason the remedy by motion is inadequate or ineffective to test the legality of the detention. The form of the attack under the statute is direct, but the scope is limited to matters which may be raised by collateral attack. A proceeding under the statute is an independent and collateral inquiry into the validity of the conviction. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Taylor v. United States, 10 Cir., 193 F.2d 411; Kreuter v. United States, 10 Cir., 201 F.2d 33; Smith v. United States, 10 Cir., 205 F.2d 768.

■ The grounds of attack upon the judgment and sentence as pleaded in the motion to vacate were that appellant was convicted upon the uncorroborated evidence of a co-defendant; that at the time of the transportation as charged in the indictment the co-defendant had papers of ownership of the automobile which the State of Oklahoma recognized; that appellant believed in good faith that the co-defendant was the owner of the automobile; that at the trial a named person testified that he owned the automobile while official records disclosed that another person was the owner; that the co-defendant received a less sentence than did the appellant; that the imposition of such sentences indicated prejudice on the part of the trial court against appellant; and that appellant did not have effective assistance of counsel in that appellant was without funds with which to appeal the case and the court appointed counsel declined to continue in the case and perfect an appeal. It is manifest that none of these questions can be reviewed on collateral attack upon the judgment and sentence by motion under section 2255.

■ There was no hearing upon the motion and appellant was not given an opportunity to appear and testify. But it conclusively appeared from the face of the motion that no ground of collateral attack upon the judgment and sentence was presented for determination. And a hearing with the accused present and accorded an opportunity to testify is not required where the motion shows upon its face that it fails to tender a crucial issue of fact which constitutes a valid ground of collateral attack upon the judgment and sentence. Barber v. United States, 10 Cir., 227 F.2d 431.

The order denying the motion to vacate is affirmed.