**Lloyd H. MAUPIN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 5324.**

United States Court of Appeals Tenth Circuit.

April 16, 1956.

Writ of Certiorari Denied June 4, 1956.

See 76 S.Ct. 1036.

Lloyd H. Maupin, pro se.

Robert Swanson, Asst. U. S. Atty., Denver, Colo. (Donald E. Kelley, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PER CURIAM.

■ Lloyd H. Maupin was indicted and convicted, with two others, on a charge of robbing, and conspiring to rob, the Metropolitan State Bank at Derby, Colorado, a bank insured by the Federal Deposit Insurance Corporation. Maupin's conviction was affirmed by this court. Maupin v. United States, 10 Cir., 225 F.2d 680. This proceeding was instituted under the provisions of 28 U.S. C.A. § 2255, to vacate the judgment and sentence. The District Court denied relief. One of the grounds set forth in the motion is that no federal offense had been committed because the Derby bank was not in fact insured by the Federal Deposit Insurance Corporation. The basis of this contention is that the insurance certificate was not effective because the Federal Deposit Insurance Corporation had not qualified to do business in the State of Colorado as required by the Colorado statutes, therefore could not legally issue a certificate of insurance. We disposed of this matter in a companion case brought by a co-defendant, where it was said:

> "The Federal Statute creating the Federal Deposit Insurance Corporation, 12 U.S.C.A. § 264, authorizes that corporation to issue insurance certificates to qualified state banks. The Colorado Statutes specifically authorize state banks to contract for insurance with the Federal Deposit Insurance Corporation. Colorado Revised Statutes 1953, Chapter 14, Art. 9, § 6." Atterson v. United States, 10 Cir., 232 F.2d 837.

■ It is also contended in support of the motion that the sentence on the first count of the information was void because at the trial of the case the evidence showed that the petitioner was an aider and abettor to the crime and he was charged as a principal. Under the statute, an aider and abettor is a principal and so charged. 18 U.S.C.A. § 2; Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919.

■ Furthermore, these alleged errors do not go to the validity of the judgment but were of such nature that they could be reviewed only on appeal. The purpose of § 2255 was to provide a method of attack upon a judgment and sentence which might theretofore have been made by habeas corpus. It does not give a prisoner the right to obtain a review of errors of law and fact which must be raised by timely appeal. Barnes v. Hunter, 10 Cir., 188 F.2d 86; Hurst v. United States, 10 Cir., 177 F.2d 894. Other errors alleged to have been committed by the court in the trial of the criminal case were all such as could be reviewed only on appeal.

Affirmed.