**UNITED STATES of America,**

v.

**Billy Leonard SKOOG, Defendant.**

**Crim. A. No. 14674.**

United States District Court
D. Colorado.

Sept. 16, 1958.

Donald E. Kelley, U. S. Atty. for the District of Colorado; John S. Pfeiffer, Asst. U. S. Atty. for the District of Colorado, Denver, Colo., for the United States.

E. F. Conly, Denver, Colo., for defendant.

KNOUS, Chief Judge.

Herein the defendant, proceeding under Title 28 U.S.C. § 2255, has moved the Court to vacate and set aside the sentence heretofore imposed against this defendant.

By indictment filed in this Court the defendant, with several others, was charged in one count with forcibly breaking "into a building located at 2238 South Colorado Boulevard, Arapahoe County, Colorado, commonly known as the Iliff Drug Store, and used in part as Contract Post Office Station No. 7 of the Denver, Colorado United States Post Office, with intent to commit in said Contract Post Office Station No. 7 larceny, all contrary to Title 18 U.S.C. § 2115."

In another count in the same indictment, the defendant, with others, was charged with conspiring to commit post office burglary on the premises last described, in violation of Title 18 U.S.C. §§ 371 and 2115. Defendant was found guilty after trial to a jury and was sentenced to a term of imprisonment which he presently is serving. Conviction was appealed and affirmed. Skoog v. United States, 10 Cir., 238 F.2d 766.

In his pending motion the defendant contends that the Court was without jurisdiction to impose sentence because, as he alleges, at the trial it was not proved that the defendant broke into or entered that part of the Iliff Drug Store which was used as a contract post office station, nor was any proof submitted to show any conspiracy to commit larceny of such post office station.

In support of his contention the defendant relies upon the case of Sorenson v. United States, 8 Cir., 168 F. 785, wherein on appeal a conviction for burglarizing a post office was set aside for the failure of evidence to show that the safe containing the property taken was within the enclosure marking the post office compartment in the building entered.

The instant question was not raised at the trial, nor in the appeal.

The indictment clearly and sufficiently charged an offense within the jurisdiction of this Court and there can be no question that this Court acquired jurisdiction over the person of the defendant.

In the view of the Court, considering the foregoing, the defendant's motion does not properly raise the question of the jurisdiction of the court, but rather is directed to the merits of the case; in other words, the motion does no more than allege an insufficiency of the trial evidence to support the charges laid in the indictment.

■ It is well established that the sufficiency of proofs at the trial resulting in a prisoner's conviction can not be raised by motion grounded on 28 U.S.C. § 2255, supra, to vacate judgment and sentence. Finan v. United States, 4 Cir., 177 F.2d 850; Davilman v. United States, 6 Cir., 180 F.2d 284; Taylor v. United States, 4 Cir., 177 F.2d 194.

Attached to defendant's brief is an affidavit of his counsel stating that his investigation discloses that at the time of the alleged offense the safe burglarized was situate in the Iliff Drug Store proper and not in the area set aside for the conduct of the contract post office station therein. Upon this basis it is requested that the defendant now be permitted to offer testimony with respect to the location of the safe at the time in question. Such procedure is not permissible herein.

■ In a proceeding to vacate a sentence imposed on conviction, a petitioner is not entitled to re-try factual issues relating to his guilt or innocence. Sehon Chinn v. United States, D.C., 85 F.Supp. 561. Section 2255 does not open the door to a defendant to re-litigate a matter which should have been raised directly in the original trial of a criminal case or in the appeal from the conviction therein. A motion under Section 2255 must be

predicated only on grounds which can be raised on a collateral attack on a judgment. Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965; Pulliam v. United States, 10 Cir., 178 F.2d 777; Gould v. United States, 10 Cir., 173 F.2d 30. Where a court has jurisdiction to hear and determine a question, its judgment is impregnable to collateral attack. The test of jurisdiction in such a case is whether the tribunal has power to conduct the inquiry and not whether the conclusion reached was supported by the evidence.

In Norton v. Zerbst, 10 Cir., 83 F.2d 677, a proceeding in habeas corpus generally analogous to one under Section 2255, the petitioner had been convicted of the armed robbery of a postal subcontract station. He asserted, along with other matters, that the proof failed to show that the clerk who was robbed was in charge of the mail matter involved. The Court of Appeals for this Circuit stated in its opinion therein, at page 678:

"It seems necessary again to say that in habeas corpus proceedings we are concerned only with whether petitioner was convicted in a court having jurisdiction over the offense and the defendant, and whether the sentence imposed was authorized by the statute. Belt v. Zerbst, 10 Cir., 82 F.2d 18, and cases therein cited. The petition and briefs set out what purports to be a copy of the contract establishing this particular substation; it is alleged that there was no mail receptacle in this substation and none closer than a box on the corner; that petitioner did not rob the station of anything except money and blank forms, and inferentially denies he had any intention to steal mail matter when he assaulted the clerk. Petitioner's entire argument is bottomed upon the assumption that the evidence at the trial disclosed that the clerk was not in charge of 'mail matter'; that petitioner did not rob him of 'mail matter' and did not intend so to do.

We know nothing of the evidence at the trial, and it would make no difference if we did, for the sufficiency of the proof to sustain the charge cannot be tested on habeas corpus."

A different situation attains in the case at bar than in Tooisgah v. United States, 10 Cir., 186 F.2d 93, cited by the defendant, because of which the rule therein announced is not applicable here.

As above expressed, the Court is of the opinion that the allegations contained in defendant's motion are insufficient to invoke relief through Title 28 U.S.C. § 2255 and can not be raised thereunder.

Accordingly, the motion of defendant to vacate and set aside the sentence imposed against him is denied.