**Will CURRY, Jr., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6666.**

United States Court of Appeals Tenth Circuit.

June 27, 1961.

S. Morris Lubow, Denver, Colo. (Herman Rothstein, Denver, Colo., on the brief), for appellant.

Arthur L. Fine, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

The appellant, Will Curry, Jr., was tried and convicted in the United States District Court for the District of Colorado for a violation of § 2(c) of the Narcotic Drugs Import and Export Act.

21 U.S.C.A. § 174. He was sentenced to serve a term of seven and one-half years, and is now confined in the Federal Penitentiary at McNeil Island, Washington. He brought this proceeding to vacate the judgment, under the provisions of 28 U.S.C.A. § 2255, on the grounds that the evidence used to convict him did not meet the standards that he asserts were announced in Panci v. United States, 5 Cir., 256 F.2d 308. In the Panci case, which was a direct appeal from a conviction, the court held that the prosecution's admissible evidence, given its fullest force, established no more than suspicion of the defendant's guilt and was therefore insufficient to sustain the conviction.

■■ The issue of sufficiency of the evidence to sustain a conviction must be raised by timely appeal, and a motion under Section 2255 to vacate a judgment does not include the right to seek a retrial on that question. United States v. Washington, 7 Cir., 287 F.2d 819; Gravely v. United States, 4 Cir., 251 F.2d 360, certiorari denied 356 U.S. 961, 78 S.Ct. 999, 2 L.Ed.2d 1068; Dunn v. United States, 6 Cir., 250 F.2d 548, certiorari denied 356 U.S. 942, 78 S.Ct. 786, 2 L.Ed.2d 816; Simmons v. United States, 10 Cir., 230 F.2d 73, certiorari denied 351 U.S. 927, 76 S.Ct. 784, 100 L.Ed. 1457; Davilman v. United States, 6 Cir., 180 F.2d 284; United States v. Skoog, D.C.Colo., 165 F.Supp. 397, affirmed memorandum 10 Cir., 268 F.2d 218. No hearing is required on a motion under Section 2255 which raises only the question of sufficiency of the evidence, since it "fails to tender a crucial issue of fact which constitutes a valid ground of collateral attack upon the judgment and sentence." Simmons v. United States, supra [230 F.2d 74].

Affirmed.