**Richard J. HILLIARD, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 7965.

United States Court of Appeals
Tenth Circuit.

May 6, 1965.

---

Leo Gemma, Jr., Denver, Colo., for appellant.

Scott McCarty, Asst. U. S. Atty. (John Quinn, U. S. Atty., was with him on the brief), for appellee.

Before PICKETT and BREITEN-STEIN, Circuit Judges, and CHRISTENSEN, District Judge.

CHRISTENSEN, District Judge.

This case presents a problem concerning the relationship in context with files and records between the allegations of a petition or motion for relief under 28 U.S.C. § 2255 [1] and the right to a hearing before the district court.

Convicted by the verdict of a jury for violation of the Dyer Act, 18 U.S.C. § 2313, defendant-petitioner-appellant,[2] Richard J. Hilliard, on July 17, 1964, was sentenced by the trial court to imprisonment for a term of three years. On August 4, eighteen days after sentence, he prepared a notice of appeal.[3] This notice actually was mailed from the institution in which he was confined on August 6, and a copy was received by the Clerk of the District Court on August 7.[4] On August 17 petitioner renewed his request to be permitted to proceed in forma pau-

1. § 2255 includes the following provision:
 "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * *"

2. Although he has been so variously referred to in the three proceedings with which we are concerned, he will be referred to here usually as the petitioner.

3. We do not have the question decided in Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), where within the statutory time limit the defendant actually prepared a "notice of appeal" and did "all that could reasonably be expected to get the letter to its destination within the required 10 days."

4. The sufficiency in form of the notice of appeal is not in question.

peris. The trial court on August 18 informed him that his appeal was not timely and that a certificate of probable cause to authorize the appeal in forma pauperis as requested was not being signed. The Judge added, "If you are unhappy with my decision you might take it up with the Circuit Court of Appeals and see if they have any different views". No further representation was made to the Court of Appeals or to the district court with reference to any appeal from the judgment of conviction.

 On September 22, 1964, petitioner filed with the trial court a petition for a writ of habeas corpus, which was treated below as a petition for relief under 28 U.S.C. § 2255 and denied without a hearing. Most of the petition was devoted to the claim that the evidence in the Dyer Act case was not sufficient to authorize a conviction, and particularly that the Dyer Act did not cover the driving of "a rented car across a state line". Denial without a hearing of relief on this ground was proper since not only was the legal distinction relied upon not necessarily valid,[5] and the instructions with respect thereto not subject to collateral

review,[6] but the claim of insufficiency of the evidence at the trial could not have been adjudicated in a Section 2255 proceeding.[7] Nor were the other broad and conclusionary assertions[8] in the petition that trial counsel was incompetent sufficient to raise an issue requiring a hearing as against the observations of the trial court.[9] Indeed, nothing is urged here to the contrary.

However, in the "statement of facts" in support of his petition, but not as a designated ground therefor, the petitioner included the following recitation:

"1. Petitioner attempted to appeal matter in Cr No. 21,722 but such appeal was denied by the District Court Judge with the statement 'too late'. Petitioner is not versed in the law and its ramifications being only a layman and therefore was not aware that such a stringent and close time limit was in effect as was pointed out to him by Judge Payne in his letter dated Aug. 18, 1964 attached and marked 'Exhibit 1' ".

It is upon such statement that the contentions in this appeal are premised.[10]

---

5. United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957). See also Putnam v. United States, 337 F.2d 313 (10th Cir. 1964).

6. Carrillo v. United States, 332 F.2d 202 (10th Cir. 1964).

7. Simmons v. United States, 230 F.2d 73 (10th Cir. 1956), cert. den. 351 U.S. 927, 76 S.Ct. 784, 100 L.Ed. 1457; Curry v. United States, 292 F.2d 576 (10th Cir. 1961); Maupin v. United States, 232 F.2d 838 (10th Cir. 1956), cert. den. 351 U.S. 975, 76 S.Ct. 1036, 100 L.Ed. 1492, rehrg. den. 352 U.S. 861, 77 S.Ct. 27, 1 L.Ed.2d 72.

8. "The counsel in this case is, for the most part, to blame for he failed to 'practice competency of law' he was moot, a sham, and *pretending* (sic) to conduct a defense. Only a tool of the court can perpetrate such fatal findings. This violates the 6th Constitutional Amendment and denies due process of law by its mode of very existence (Neufield v. U. S., C.C.A.Kan.1941, [73 App.D.C. 117], 118 F.2d 442)" [correct citation C.C.A.D.C. p. 375].

9. Brink v. United States, 202 F.2d 4 (10th Cir. 1953). Cf. Charley v. United States, 303 F.2d 512 (10th Cir. 1962).

10. Defendant's brief here presents the following points:
"1. The appellant, at the time of sentencing, was denied his right to appeal by the failure of the lower court and his trial counsel to advise him of the right to appeal, contrary to law.
"2. The appellant was denied representation by counsel at a crucial state of the proceedings, i. e., the ten-day period subsequently to sentencing, by the failure of the lower court to assign counsel to appellant during said ten-day period, contrary to law.
"3. Appellant, not having been advised of his right to appeal at time of sentencing by either the court or the trial counsel and not having counsel appointed to represent him during the ten-day period within which notice of appeal was to be filed, was effectively denied his right to appeal and consequently the ten-day period was caused to toll".

We shall assume, without deciding on this collateral attack,[11] that if the points urged here as noted in the margin had been presented in form or substance to the trial court unrebutted by the record, a hearing would have been required consistent with the rule established on direct appeal in Hannigan v. United States, 341 F.2d 587 (10th Cir. 1965). But these allegations were not there presented, and the record shows that the trial court had advised the defendant of his right to appeal, and that there was a time limit, leaving an explanation of further details to counsel.[12]

Except for the allegations of the petition as hereinafter discussed, the lower court had no indication that the defendant had not been advised of his rights fully; and the petition did not claim that the defendant had not continued to be represented by his attorney or that he was not further advised of the specific time limit by counsel in keeping with what the judge had said at the time of sentence. Assuming that the record of the court and the presumption that counsel as an officer of the court followed the judge's direction [13] could be put in issue by the direct denial or assertion of a petitioner, the question remains whether the petition as submitted to the trial court raised any such issue requiring a hearing.

It is a proposition abundantly established in the cases and implicit in the very foundation of judicial proceedings that the duty, if not the jurisdiction, of a court to act may be invoked only by some sort of claim or pleading which if sustained by evidence would authorize relief. In the absence of allegations raising a significant issue, especially when a judgment is under collateral attack, courts are not bound to search the record for some undisclosed but vitiating circumstance. It is further so well established as not to require the citation of authority that, as against the presumed validity of a final judgment, claims which are merely conclusionary or insufficient in law assuming that they are true do not require a hearing, but may be dismissed summarily. Were this not so, calendars beyond reason could be inundated and bogged down and transportation and custodial problems rendered wholly unmanageable by floods of patently groundless demands. While the courts are properly solicitous of claims of unrepresented persons that their constitutional rights have been impaired, and judges may grant hearings upon tenuous record grounds if they become convinced that the interest of justice so dictates, this concern does not have to be carried so far as to require the acceptance of every unexpressed possibility as justifying a hearing on the theory that an insufficient petition

11. Frand v. United States, 301 F.2d 102 (10th Cir. 1962). Cf. Way v. United States, 276 F.2d 912 (10th Cir. 1960); Simmons v. United States, 230 F.2d 73 (10th Cir. 1956). See also Fennell v. United States, 339 F.2d 920 (10th Cir. 1965).

12. "THE COURT: All right, is there anything you want to say, Mr. Hilliard, at this time, as to why sentence should not be pronounced on you at this time, in mitigation of sentence, or otherwise, or is there anything your lawyer wants to say?
"(WHEREUPON, Mr. Duhigg made a plea on behalf of the defendant Hilliard.)
"THE COURT: Anything you want to say, Mr. Hilliard?
"DEFT. HILLIARD: No, sir, I think my attorney covered it, also.

"THE COURT: IT IS THE JUDGMENT AND SENTENCE OF THE COURT, that the defendant, RICHARD JAMES HILLIARD, be remanded to the custody of The Attorney General of the United States, or his lawful agents, and by them transferred to a penitentiary, where he will serve a term of three (3) years.
"Now, Mr. Hilliard, if you want to appeal, you take that up with this lawyer. He will explain to you your rights to appeal, and the time within which you have to effect your appeal, and the rights that you are indigent—what your rights are, and so on. Any questions?
"DEFT. HILLIARD: No, sir, Your Honor."

13. Brink v. United States, 202 F.2d 4 (10th Cir. 1953), supra.

might be amended to constitute a sufficient one.[14]

■ Appeal is a matter of right,[15] but the taking of an appeal within the prescribed time unless relieved by overriding circumstances is mandatory and jurisdictional.[16] The most that the defendant's petition necessarily suggests in view of the record is that he was thoughtless or negligent in not realizing the stringent and mandatory requirements of the time limitations. But even excusable neglect does not extend the time requirements.[17] As in Fennell, we have here no claimed deceit, fraud or alleged neglect of duty on the part of counsel with reference to the appeal, but something more akin to lack of awareness on the part of the petitioner of the importance of the time limit in view of subsequent circumstances. The actions of the trial court at the time of sentence were especially circumspect in view of the defendant's representation by counsel.[18] If there had been an unalleged failure of the court or trial counsel within the doctrine of Hannigan, the problem can be presented below upon a sufficient motion or petition.[19] That this could involve circuity of action is no reason to depart from fundamental procedural requirements. To reverse a trial court in proceedings collaterally attacking a judgment on claims not fairly brought to its notice under the circumstances of this case would have more far-reaching and unacceptable implications.

Affirmed.

14. Cf. Ruby v. United States, 341 F.2d 585 (9th Cir. 1965).

15. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957).

16. Yates v. United States, 308 F.2d 737 (10th Cir. 1962); Wilkinson v. United States, 278 F.2d 604 (10th Cir. 1960), cert. den. 363 U.S. 829, 80 S.Ct. 1600, 4 L.Ed.2d 1524 (1960).

17. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); Fennell v. United States, 339 F.2d 920 (10th Cir. 1965), supra.

18. Cf. Rule 37(a) (2). "When a court after trial imposes sentence upon a defendant not represented by counsel, the defendant shall be advised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant."

19. While § 2255 provides that the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner, consideration of a claim for relief based on the Hannigan doctrine would not be precluded should its allegations justify, since this would be relief essentially different than that for which a basis was alleged in the petition presented to the lower court. See Burgess v. United States, 319 F.2d 345 (9th Cir. 1963); Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Fennell v. United States, 313 F.2d 941 (10th Cir. 1963); cf. United States v. Jones, 194 F.Supp. 421 (D.C. Kan.1961), aff'd 297 F.2d 835 (10th Cir. 1962). See also Juelich v. United States, 300 F.2d 381 (5th Cir. 1962). As to what ruling should be made in event of a new motion we express no opinion.