In re: SEALED CASE.

No. 01–3101.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 13, 2002.

Decided June 18, 2002.

Valinda Jones, Assistant U.S. Attorney, argued the cause for appellant. With her on the briefs were Roscoe C. Howard Jr., U.S. Attorney, John R. Fisher and Danny C. Onorato, Assistant U.S. Attorneys.

A.J. Kramer, Federal Public Defender, argued the cause and filed the brief for appellee.

Before: GINSBURG, Chief Judge, and RANDOLPH and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge TATEL.

TATEL, Circuit Judge:

In sentencing Defendant for one count of distributing crack cocaine, the district court departed from the applicable Guidelines range based on "the totality of circumstances reflecting the atypicality of this defendant." The Government appeals. Because several factors considered by the district court, including the disparity between Guidelines sentences for crack and powder cocaine, may not be considered, we vacate the sentence and remand for resentencing.

## I.

Undercover United States Park Police arrested Defendant after she attempted several times to sell them crack cocaine. The grand jury indicted her for three counts of using a telephone to facilitate a drug transaction and three counts of distributing crack cocaine. Pursuant to a plea agreement in which she pled guilty to one count of distributing more than fifty grams of crack and promised to help ensnare other drug dealers, the Government dropped the other five charges. Prior to sentencing, the district court released Defendant on her own recognizance, but later granted the Government's motion to re-

voke the release when (1) she failed a drug test, (2) she was again arrested and charged (this time with one count of possessing crack cocaine and drug paraphernalia and two counts of theft), and (3) the court discovered three outstanding warrants for her arrest on other theft charges.

The final pre-sentence report assigned Defendant a base offense level of twenty-nine, which took into account her other drug charges as relevant conduct and reflected a three-level downward adjustment for acceptance of responsibility and a two-level downward adjustment pursuant to the safety valve exception. Based on Defendant's lack of prior convictions, the report fixed her criminal history level at I. Stating that Defendant's attempts to assist in pursuing other drug sellers were inadequate, the Government declined to file a motion for a downward departure on that basis. *See* U.S. SENTENCING GUIDELINES MANUAL § 5K1.1 (2001) ("Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."). At the final sentencing hearing, the district court credited Defendant with the two downward adjustments recommended by the final pre-sentence report. In addition to her criminal history level, this yielded a sentencing range of 87 to 108 months.

Departing from this range, the district court explained in an oral ruling and later in a written opinion its conclusion that Defendant's case fell outside the "heartland" cases covered by the Guidelines. *Id.* § 5K2.0 (policy statement). The district court condemned the disparity in the Guidelines sentences for crack and powder cocaine offenses, concluding that "the Sentencing Commission did not adequately consider [all relevant factors] at the time it wrote the drug guidelines in 1987." *In re*

*Sealed Case,* No. 00–0170, slip op. at 12 (D.D.C. July 13, 2001). In support, the court relied on reports issued by the Commission in 1995 and 1997, both of which concluded that the crack/powder differential "is a primary cause of the growing disparity between sentences for Black and White federal defendants," *id.* at 6, and that it undermined, rather than furthered, Congress's articulated goals for drug offense sentencing, *id.* at 12. The district court stressed that Defendant "has no prior convictions of any kind, ... has the support of her parents here every time we've been in Court, ... recognizes her drug problem, ... recognizes her responsibility, ... has tried to cooperate with the Government, ... is 28 years old [and thus] is not the kind of person that the guideline writers would like to see spend 87 months in prison." *In re Sealed Case,* No. 00–0170, slip op. at 8. Based on its critique of the Guidelines and "the totality of circumstances reflecting the atypicality of this defendant," the district court concluded that "a downward departure from the otherwise applicable sentencing range is authorized." *Id.* at 16. The court imposed a twenty-four month sentence—the upper end of the range, the district court explained, that would have applied had Defendant's crime involved powder cocaine. The Government now appeals.

## II.

■ Congress gave district courts authority to depart from sentencing levels established in the Guidelines if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). "We review district court determinations that a given factor is present in a particular case to a degree not adequately considered by the Commission only for abuse of discretion, because '[d]istrict courts have an institutional advantage over appellate courts in making these sorts of determinations, especially as they see so many more Guidelines cases than appellate courts do.'" *See United States v. Sun–Diamond Growers,* 138 F.3d 961, 975 (D.C.Cir.1998) (quoting *Koon v. United States,* 518 U.S. 81, 98, 116 S.Ct. 2035, 2047, 135 L.Ed.2d 392 (1996)). By contrast, whether a ground for departure "could *ever* be a permissible basis for departure is a question of law which we address *de novo.*" *Id.* "The court of appeals need not defer to the district court's resolution of the point." *Koon,* 518 U.S. at 100, 116 S.Ct. at 2047.

■ The Government first challenges the district court's reliance on the Sentencing Guidelines' crack/powder disparity as a basis for departure, arguing that "[c]ontrolling law clearly prohibits a departure on those grounds." Appellant's Opening Br. at 22. However much we may agree with the district court and the Sentencing Commission that the crack/powder disparity is unjustified, we think the Government is correct. In *United States v. Anderson,* we squarely rejected the proposition that the crack/powder disparity can ever serve as a valid basis for downward departure. 82 F.3d 436, 440–42 (D.C.Cir.1996); *see also United States v. Webb,* 134 F.3d 403, 407–08 (D.C.Cir.1998) ("[D]isproportionality does not, in itself, provide an appropriate basis for a downward departure."). Permitting departures based on that disparity, *Anderson* explains, would "allow every sentencing district judge to select his or her personal crack-cocaine ratio.... It is hard to imagine a more flagrant violation of the Guidelines' purpose to avoid 'unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal con-

duct.'" *Anderson,* 82 F.3d at 440 (quoting 28 U.S.C. § 991(b)(1)(B)).

Defendant argues that *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), effectively overruled *Anderson.* *Koon* established a four-part analytical framework to guide appellate review of departure determinations, under which departure factors are "classified as either: (1) forbidden, (2) encouraged, (3) discouraged, or (4) unmentioned." *Id.* at 96, 116 S.Ct. at 2045. Pointing out that the Court unequivocally precluded district courts from considering only "forbidden" factors and that the crack/powder disparity is not one of the forbidden factors listed in the Guidelines—race, sex, national origin, creed, religion, socioeconomic status, lack of guidance as a youth, physical condition, and coercion and duress, *see* GUIDELINES MANUAL § 1.A.4(b) (policy statement)—Defendant argues that circuit courts may not, as this court did in *Anderson,* categorically bar sentencing judges from considering the disparity as a departure factor. We are unconvinced. Although it is true, as Defendant observes, that the crack/powder disparity counts as an unmentioned factor within *Koon*'s four-part scheme and that *Koon* permits sentencing courts limited discretion to depart on the basis of such factors, *see* 518 U.S. at 96, 116 S.Ct. at 2045 (quoting GUIDELINES MANUAL § 1.A.6), *Koon* also makes clear that "if a factor is unmentioned in the Guidelines, the court must, after considering the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole, decide whether it is sufficient to take the case out of the Guideline's heartland," *id.* (citation and internal quotation marks omitted). Because the Sentencing Guidelines are designed to allow district courts to consider every convicted person as an individual and to depart only in atypical cases where the particular facts distinguish · the case, the crack/powder disparity—which is implicat-

ed in all cocaine cases—cannot, in *Koon*'s words, be "sufficient to take the case out of the Guideline's heartland." · *See also United States v. Lewis,* 90 F.3d·302, 304–05 (8th Cir.1996)·(holding that because "all defendants convicted of crack-related crimes receive · harsh sentences," the crack/powder disparity is not an aggravating·or mitigating· circumstance "particular to the appellants' case which distinguish[es] theirs ·from the 'heartland' cases"). *Anderson* thus remains good law.

Our conclusion that *Anderson* survives *Koon* does not end our analysis, for here, unlike in *Anderson,* the district court relied on several additional factors to support its departure decision. The Government argues that none of the factors cited by the district court can support departure either because they. are invalid or because they are not present to a degree sufficient to "distinguish[ ] this case from the 'heartland' cases covered by the guidelines." GUIDELINES MANUAL § 5K2.0 (policy statement). True enough, but as Defendant points out, the district court did not depart on the basis of any of these factors alone. Instead, relying on the Sentencing Commission's comment that "the Commission does not foreclose the possibility of an extraordinary·case that, because of a combination of [not ordinarily relevant] characteristics or circumstances, differs significantly from the 'heartland' cases covered by the guidelines," GUIDELINES MANUAL § 5K2.0 (comment), the court departed based on "the totality of circumstances reflecting the atypicality of this defendant." *In re Sealed Case,* No. 00–0170, slip op. at 15.

 In its .totality analysis, however, the district court relied on several impermissible factors. In addition to the crack/powder disparity, the district court mentioned the Defendant's criminal history. The Sentencing Commission has stat-

ed that because "[t]he lower limit of the range for Criminal History Category I is set for a first offender with the lowest risk of recidivism, ... a departure below the lower limit of the guideline range for Criminal History Category I on the basis of adequacy of criminal history cannot be appropriate." GUIDELINES MANUAL § 4A1.3 (policy statement). Equally invalid is the district court's reliance on Defendant's attempted assistance to the Government. "[I]n the absence of a government motion," we have held, "a district court lacks authority under the Guidelines to depart from the applicable sentencing range on the basis of a defendant's substantial assistance." *In re Sealed Case No. 97–3112,* 181 F.3d 128, 142 (D.C.Cir.1999) (en banc); *see also* GUIDELINES MANUAL § 5K1.1 (policy statement) (permitting departure for substantial assistance only on "motion of the government"). Although these principles were announced in the context of departures based on a single factor only, we see nothing in the Guidelines that would nevertheless permit district courts to consider such prohibited factors in a totality of the circumstances analysis under section 5K2.0.

■ Unlike the crack/powder sentencing disparity, criminal history, and substantial assistance factors, the remaining factors cited by the district court—Defendant's acceptance of responsibility, her desire to seek rehabilitation, and her family and community ties—are not categorically prohibited. According to the Government, not even these factors may be considered either because they are already accounted for elsewhere in the sentencing process or because they are not present to a sufficient degree to warrant departure. We disagree. As to the Government's first point, the Sentencing Commission has made clear that "the court may depart from the guidelines, even though the reason for departure is taken into consideration in determining the guideline range (e.g., as a

specific offense characteristic or other adjustment)," although such a departure requires "unusual circumstances." GUIDELINES MANUAL § 5K2.0 (policy statement). The Government's second point suffers from two defects. For one thing, as we indicated above, the district court did not depart on the basis of any of these factors individually. Moreover, even if it had so departed, it could still take these factors into account in a totality of the circumstances analysis. The commentary is very clear on this: "The Commission does not foreclose the possibility of an extraordinary case that, because of a combination of such characteristics or circumstances, differs significantly from the 'heartland' cases covered by the guidelines. . . ." GUIDELINES MANUAL § 5K2.0 (commentary).

Accordingly, because the district court relied on both valid and invalid factors, we vacate the sentence and remand for re-sentencing under a totality of the circumstances analysis that takes account of (1) the three valid factors mentioned in this opinion and any other valid factors the district court may consider relevant, such as Defendant's post-plea offenses, and (2) the Sentencing Commission's admonition that such departures are available only in "extraordinary cases," GUIDELINES MANUAL § 5K2.0. *See Koon,* 518 U.S. at 113, 116 S.Ct. at 2053 ("When a reviewing court concludes that a district court based a departure on both valid and invalid factors, a remand is required. . . .").

*So ordered.*