Rodney DOUGLAS, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. CIV.A.02–0144(RMU),
No. CR.A.01–0197(RMU).

United States District Court,
District of Columbia.

Feb. 6, 2003.

Rodney Douglas, Washington, DC, Pro se.

Robert Okun, Carla Diggs Smith, U.S. Attorney's Office for the District of Columbia, WA, for Respondent.

### MEMORANDUM OPINION

URBINA, District Judge.

GRANTING THE RESPONDENT'S MOTION
TO DISMISS WITHOUT PREJUDICE

## I. INTRODUCTION

After the court sentenced the petitioner for possession with intent to distribute cocaine base, the petitioner initiated the current action while incarcerated by filing *pro se* a motion to vacate, set aside, or correct his sentence ("motion to vacate") pursuant to 28 U.S.C. § 2255. This matter now comes before the court on the respondent's motion to dismiss the petitioner's motion to vacate for failure to state a claim on which the court could grant relief. Upon consideration of the parties' submissions, the relevant law, and the record of this case, the court grants the respondent's motion and dismisses the petitioner's motion without prejudice.

## II. BACKGROUND

On August 30, 2001, the petitioner, Rodney Douglas, pled guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(B)(iii). On December 10, 2001, the court sentenced the petitioner to 63 months of imprisonment followed by four years of supervised release. The court also imposed on the petitioner a special assessment in the amount of $100.00. J. & Commitment Order dated Dec. 11, 2001.

On January 15, 2002, the petitioner, acting *pro se*, filed a motion to vacate by using a form marked "AO 243 (Rev.5/85)" ("form").[1] Mot. to Vacate at 1. Ten of the 16 queries listed on the form required the petitioner either to provide information relevant to his criminal case or to state the basis for challenging his sentence. *See generally* Mot. to Vacate. Although the petitioner responded to nine of the form's queries, he left blank the one query requesting the ground(s) for his motion and supporting facts. *Id.* at 3–5. A review of the entire form reveals that no where on the form did the petitioner specify a basis for relief. *Id.* at 1–7.

On May 15, 2002, the respondent, the United States, filed its opposition to the petitioner's motion to vacate. The respondent requests summary dismissal of the petitioner's motion for failure to state a claim on which the court could grant relief. Opp'n to Mot. to Vacate ("Opp'n") at 2.

### III. ANALYSIS

#### A. Legal Standard for 28 U.S.C. § 2255 Motions

■■■ Section 2255 authorizes the sentencing court to discharge or resentence the defendant if the court concludes that it was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (citing *United States v. Hayman*, 342 U.S. 205, 216–17, 72 S.Ct. 263, 96 L.Ed. 232) (1952). The petitioner seeking to vacate his sentence shoulders the burden of sustaining his contentions by a preponderance of the evidence. *United States v. Simpson*, 475 F.2d 934, 935 (D.C.Cir.1973) (applying preponderance of the evidence standard in reviewing a § 2255 motion); *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir.1978) (affirming that the defendant bears the burden of establishing that he is entitled to relief by a preponderance of the evidence); *Crail v. United States*, 430 F.2d 459, 460 (10th Cir.1970); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir.1958). Relief under § 2255 is an extraordinary remedy. *Addonizio*, 442 U.S. at 184, 99 S.Ct. 2235; *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C.Cir. 1992); *United States v. Hodges*, 156 F.Supp. 313, 314 (D.D.C.1957) (Sirica, J.). Despite the civil designation the Clerk of the Court may assign to § 2255 motions for record-keeping purposes, a criminal defendant's § 2255 motion is a further step in his criminal case. 28 U.S.C. § 2255, advisory committee notes; *United States v. Bazemore*, 929 F.Supp. 1567, 1568–69 (S.D.Ga.1996).

#### B. The Court Grants the Respondent's Motion to Dismiss Without Prejudice

■■■ "The court views *pro se* pleadings with considerable liberality and holds such

---

1. The form is six pages in length and provides space for a movant or petitioner to fill in the case-caption information, furnish information that identifies the procedural background of his conviction and sentence, and sign and date the document. Mot. to Vacate at 1–7.

Item 12 of the form lists several of the most frequently raised grounds for relief in § 2255 proceedings, and provides space for a defendant to state specific grounds for relief with supporting facts. *Id.* at 3–5.

pleadings to less stringent standards than those applied to pleadings drafted by lawyers." *Nwachukwu v. Karl,* 223 F.Supp.2d 60, 69 (D.D.C.2002) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)); *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512–15, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (recognizing the liberal notice and simplified pleading principles underlying the Federal Rules of Civil Procedure); *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1113 n. 2 (D.C.Cir.2000).

■ Here, the court is faced with a *pro se* motion that is satisfactory in form, but wholly void of substance. Although the D.C. Circuit has not squarely addressed the situation presented in this case, the Tenth Circuit instructs that the latitude afforded to a *pro se* § 2255 motion does not extend so far as to require the court to divine "unexpressed possibilities" that grounds for relief exist. *Hilliard v. United States,* 345 F.2d 252, 255 (10th Cir. 1965). This court agrees with the rationale in *Hilliard,* but with a proviso: when, as here, a *pro se* petitioner's § 2255 motion fails to state *any* ground for relief, the court should be reluctant to interpret the submission as a waiver of *all* grounds for relief. This line of reasoning appears to be consistent with the procedural latitude afforded by the Supreme Court and this circuit to *pro se* litigants in general. *Haines,* 404 U.S. at 520, 92 S.Ct. 594; *Swierkiewicz,* 534 U.S. at 512–15, 122 S.Ct.

992; *Sparrow,* 216 F.3d at 1113 n. 2. Accordingly, the court grants the respondent's motion to dismiss *without prejudice.*[2]

## IV. CONCLUSION

For the foregoing reasons, the court grants the government's motion to dismiss the petitioner's motion to vacate without prejudice. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 6 day of February 2003.

## *ORDER*

### GRANTING THE RESPONDENT'S MOTION TO DISMISS WITHOUT PREJUDICE

For the reasons stated in the court's Memorandum Opinion separately and contemporaneously issued this _____ day of February 2003, it is hereby

**ORDERED** that the respondent's motion to dismiss the petitioner's motion to vacate is **GRANTED** without prejudice.

**SO ORDERED.**

---

2. The court wishes to notify the *pro se* petitioner as to the meaning of "without prejudice" as it applies to this case. *Moore v. Agency for Int'l Dev.,* 994 F.2d 874, 876 (D.C.Cir.1993) (noting the importance of providing *pro se* litigants with the necessary knowledge to participate in the trial process). The court's dismissal here today does not close off § 2255 relief to the petitioner. Because the dismissal is "without prejudice," the petitioner retains the opportunity to renew a § 2255 action by filing another motion

to vacate. The petitioner should note, however, that if he continues to pursue § 2255 relief, he must concisely state each ground on which he seeks relief, accompanied by supporting facts, or else risk the court dismissing the new action *with prejudice.* Dismissal "with prejudice" would close off future attempts for § 2255 relief, especially as the court herein has provided the petitioner with proper notice of the relevant procedural requirements and their possible adverse effect on his rights.