Rodney DOUGLAS, Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. CIV.A.03–1340 (RMU), CR.A.01–0197–01 RMU.

United States District Court, District of Columbia.

Feb. 26, 2004.

Rodney Dante' Douglas, Pro Se.

***MEMORANDUM OPINION***

URBINA, District Judge.

DENYING THE PETITIONER'S POST-SENTENCE
MOTION FOR RELIEF

## I. INTRODUCTION

This matter comes before the court on the *pro se* petitioner's motion for relief from the sentence that he currently is serving. Specifically, he asks the court to grant him a downward departure from the applicable sentencing guideline range and to disregard the sentence enhancement triggered by his possession of firearms at the time of the underlying drug offense. The court denies the petitioner's request for downward departure because it lacks merit. As for the petitioner's challenge to the sentence enhancement, the court upholds the enhancement given that the facts of the underlying criminal case establish that the petitioner had firearms along with rounds of live ammunition present during the time of his drug offense. Consequently, the court denies the petitioner's motion.

## II. BACKGROUND

On August 30, 2001, the *pro se* petitioner pled guilty to possession with intent to distribute a cocaine-base substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). Thereafter, on December 10,

2001, the court sentenced the petitioner to 63 months of imprisonment followed by four years of supervised release. J. & Commitment Order dated Dec. 11, 2001.

On January 15, 2002, the petitioner filed an incomplete motion to vacate the sentence pursuant to 28 U.S.C. § 2255. Because of his failure to state a sufficient basis for relief, the court granted dismissal without prejudice to allow the petitioner the option of re-filing his motion with complete information and supporting facts. *Douglas v. United States*, 245 F.Supp.2d 46, 49 (D.D.C.2003).

Rather than filing a corrected section 2255 motion, the petitioner brought the instant motion requesting a downward departure under 18 U.S.C. § 3582, based on his post-conviction drug-rehabilitation efforts, and challenging the application of U.S.S.G. § 2D1.1(b)(1)'s two-level sentencing enhancement for having firearms and ammunition present during his drug offense. The court now addresses that motion.

## III.  ANALYSIS [1]

### A.  The Petitioner's Motion Does Not Contemplate Section 2255 Relief

At the outset, it is important to note that the court does not consider the petitioner's instant motion for relief under 28 U.S.C. § 2255 because he does not invoke that statute in challenging the court's imposed

sentence. *See Castro v. United States*, —— U.S. ——, ——, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003) (holding that a federal court may not recharacterize a *pro se* litigant's motion as a "first" section 2255 motion unless it provides a proper warning of the preclusive effects that the recharacterization will have on a future section 2255 motion); *United States v. Palmer*, 296 F.3d 1135, 1146 (D.C.Cir.2002) (concluding that a court "may recharacterize a post-conviction motion made under another rule or law as a section 2255 motion only if it first ensures that the movant is fully informed of section 2255's restriction on ... successive 2255 motions ... and [it] offers the movant an opportunity to withdraw his motion"). With this threshold matter behind it, the court can move on to address the petitioner's two claims.

### B.  The Petitioner's Request for a Post–Sentence Downward Departure

The petitioner asserts that his post-sentence drug-rehabilitation efforts entitle him to a downward departure. Pet'r Mot. at 7. He attributes his claimed success in overcoming his drug addiction to two courses that he completed while incarcerated after the imposition of his sentence. *Id.* at 5. In other words, the petitioner would have this court believe that his post-sentence rehabilitation entitles him to a

---

1.  In response to the petitioner's motion, the government's opposition states that his plea agreement expressly waives or forfeits his right to request a downward departure and to challenge the sentence pursuant to U.S.S.G. § 2D1.1(b)(1). Gov't Opp'n at 3; Plea Agreement ¶ 4. In fact, the petitioner voluntarily agreed to a sentence enhancement under U.S.S.G. § 2D1.1(b)(1). Gov't Opp'n at 5; Plea Agreement ¶ 2. Perhaps it also is important to note that the petitioner did not raise any of his instant objections either before or during his sentencing. The government's argument therefore may in itself provide a basis for denying the petitioner's motion. *See Unit-*

*ed States v. Taylor*, 339 F.3d 973, 980 (D.C.Cir.2003) (indicating that "a guilty plea reduces the scope of potentially appealable issues"); *United States v. Hinds*, 329 F.3d 184, 187 n. 4 (D.C.Cir.2003) (citing *United States v. Calderon*, 163 F.3d 644, 646 (D.C.Cir. 1999) (holding that a defendant's plea agreement not to seek any adjustment not specified in the agreement barred her claim for a downward sentencing adjustment)). In the spirit of affording *pro se* litigants greater latitude, however, the court moves on to address the substance of the petitioner's arguments. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C.Cir.1993).

decrease in the imprisonment term of his sentence pursuant to 18 U.S.C. § 3582(a). *Id.* at 2–7.

By its very terms, section 3582(a) prescribes certain enumerated factors, outlined in section 3553(a), that courts may consider in imposing a term of imprisonment and when departing below the sentencing guidelines. 18 U.S.C. § 3582(a) (referencing 18 U.S.C. § 3553(a)). By its plain language, this provision of the statute applies only to the pre-determination of a prison sentence, not the subsequent modification thereof. *Id.* It is therefore evident that the petitioner harnesses his post-sentence departure request to the wrong statutory provision given that the posture of his criminal case is in the post-sentence stage. *Id.;* Pet'r Mot. at 2–7.

That said, the court recognizes that section 3582(c) allows for the modification of an ongoing prison sentence. 18 U.S.C. § 3582(c). In line with the indulgence afforded to *pro se* litigants, the court evaluates the petitioner's departure request under this statutory provision. *Moore,* 994 F.2d at 876.

Section 3582(c) enumerates three limited circumstances for the modification of a prison sentence, none of which apply here. 18 U.S.C. § 3582(c); *United States v. Morris,* 116 F.3d 501, 504 (D.C.Cir.1997). First, the sentencing court may reduce the petitioner's term of imprisonment upon motion of the Director of the Bureau of Prisons if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *Morris,* 116 F.3d at 504. The Director of the Bureau of Prisons has not advanced such a motion in the instant case. Second, the court may modify the petitioner's sentence if the Sentencing Commission has lowered the applicable guidelines after determination of the challenged sentence, 18 U.S.C. § 3582(c)(2); *Morris,* 116 F.3d at 504, and when "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Young,* 247 F.3d 1247, 1253 (D.C.Cir.2001). No one contends that such a variance has occurred here. Finally, the court may modify a previously-imposed imprisonment term if statute or Federal Rule of Criminal Procedure 35 grants the court such authority. 18 U.S.C. § 3582(c)(1)(B); *Morris,* 116 F.3d at 504. As to this last point, Rule 35 allows the court to reduce a sentence only within 120 days of the sentence's initial imposition. FED. R. CRIM. P. 35(a)-(b). Consequently, the petitioner's instant motion, which he filed two-and-a-half years after the original sentencing, does not qualify him for relief under Rule 35. *Id.* Even if the court were to use the filing date of the petitioner's original (incomplete) section 2255 motion as the measuring point, the court would still determine that such relief is not available to the petitioner. *Id.*

The petitioner travels down one final avenue that could lead to a post-sentence downward departure. The Supreme Court has allowed sentencing courts to deviate from the customary sentencing guidelines when an "atypical" case arises. *Koon v. United States,* 518 U.S. 81, 93, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). "If a factor is unmentioned in the Guidelines, the court must, after considering the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole, decide whether it is sufficient to take the case out of the Guideline's heartland." *In re Sealed Case,* 292 F.3d 913, 916 (D.C.Cir.2002) (citing *Koon,* 518 U.S. at 96, 116 S.Ct. 2035). To be eligible for a downward departure based on post-conviction rehabilitation, the rehabilitative efforts must be extraordinarily distinguishable from the standard case such that they exceed efforts of most defendants to an exceptional degree. *United States v.*

*Rhodes*, 145 F.3d 1375, 1383 (D.C.Cir. 1998).

■ According to the petitioner, he has managed to overcome his drug addiction through rehabilitation programs offered in prison. Pet'r Mot. at 5. Although the court is greatly pleased to receive this news and encourages the petitioner to continue living his life free from drug use, the court cannot say that his efforts qualify as extraordinary to warrant a downward departure from his imposed sentence.[2] *See Rhodes*, 145 F.3d at 1383 (identifying a list of "discouraged" and "encouraged" factors to assist courts in imposing sentences outside the guideline range, and defining post-conviction rehabilitation as a discouraged factor that is relevant only when such efforts are notably outstanding).

On a final point, the court recognizes that the Sentencing Reform Act of 1984 arguably precludes courts from considering post-conviction efforts. *Id.* at 1384 (Silberman, J., dissenting) (observing that "the very passage of the Sentencing Reform Act of 1984, which abolished parole and substantially reduced and restructured good behavior adjustments, implicitly precludes a district court from considering post-conviction behavior in imposing sentences"). In his notable dissent in *Rhodes*, Judge Silberman contends that it is the sole power of the Bureau of Prisons to determine if a prisoner qualifies for "good time credits" toward his sentence due to positive conduct while incarcerated. *Id.* Judge Silberman further notes that the district courts cannot substitute their judgment for the Bureau of Prisons without sacrificing the need for uniformity in sentencing, which is one of the Act's primary goals. *Id.; see also* 18 U.S.C. § 3553(a)(6)

(highlighting "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" when determining a sentence). After exploring virtually every downward-departure theory imaginable, the court can find no reason to reduce the defendant's imprisonment term.

## C. The Petitioner's Challenge to the Sentencing Enhancement

With respect to the petitioner's contention that his sentence unlawfully included the two-point gun bump under U.S.S.G. § 2D1.1(b)(1), he correctly notes that the *Ex Post Facto* Clause of the Constitution prohibits the enhancement of a sentence in a way that would punish an individual retroactively. Pet'r Mot. at 8 (referring to U.S. CONST. art. I, § 9, cl. 3). This provision, however, has no bearing on the instant case. The Supreme Court has defined an *ex post facto* law as one that criminalizes and punishes

> an action done before the passing of the law, and which was *innocent* when done … that *aggravates a crime*, or makes it *greater* than it was, when committed … that *changes the punishment*, and inflicts a *greater punishment*, than the law annexed to the crime, when committed … that alters the *legal* rules of *evidence* and receives less, or different testimony, than the law required at the time of the commission of the offense, *in order to convict the offender*.

*Collins v. Youngblood*, 497 U.S. 37, 42, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990) (emphasis in original) (citing *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798)).

---

**2.** The court also cannot consider the petitioner's *vocational skills* and *family ties* because they too are "discouraged" factors under the guidelines. U.S.S.G. § 5H1.6; *see also Rhodes*, 145 F.3d at 1382 (explaining that the guidelines do not provide courts with the opportunity to consider such factors as vocational skills, education, and family ties when deciding whether a prison sentence should fall outside the applicable range).

■ The 2000 edition of the guidelines was in effect when the court imposed the petitioner's sentence. PSR ¶ 14. The court's use of the guidelines was neither to unlawfully increase punishment, nor to deny the petitioner any due procedural protection. Accordingly, the petitioner fails to convince the court that it applied the sentence enhancement in a manner that offends the *Ex Post Facto* Clause. *Collins,* 497 U.S. at 42, 110 S.Ct. 2715.

The petitioner's argument does not stop there. He also contends that the two-point enhancement added to his base offense level amounts to plain error because he did not *technically* possess firearms and ammunition at the time of his drug offense. Pet'r Mot. at 8–9.

The guidelines add a two-level increase to a defendant's base offense level "if a dangerous weapon (including a firearm) was possessed in relation to the offensive conduct." U.S.S.G. § 2D1.1(b)(1). The Application Notes clarify that this enhancement "reflects the increased danger of violence when drug traffickers possess weapons" and that it "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, Application Note 3; *see also* Pet'r Mot. at 9 (conceding that the danger of a drug offense increases with the mere presence of a firearm). As opposed to what the petitioner argues, established precedent instructs that the application of a sentence enhancement for the possession of a dangerous weapon does not "depend on [a] showing that the defendant used ... or would have used the firearm to advance the commission of the underlying offense." *United States v. Burke,* 888 F.2d 862, 869 (D.C.Cir.1989) (citing U.S.S.G. § 2D1.1(b)(1)); *see also United States v. Mathis,* 216 F.3d 18, 27 (D.C.Cir.2000) (citing *Burke* and holding that a gun inside the glove compartment of a car that a co-

conspirator drove from the scene is sufficient to uphold a section 2D1.1(b)(1) enhancement); *United States v. Harrison,* 103 F.3d 986, 990 (D.C.Cir.1997) (sustaining an enhancement where a firearm was in the trunk of a car used in the drug offense).

■ In the petitioner's case, the presence of five guns, several rounds of live ammunition, 17 ziplocks of marijuana, 78 ziplocks of crack cocaine base, and one bottle of PCP in the trunk of the petitioner's BMW supports the connection between the dangerous weapons and the drug offense. *Id.;* Gov't Opp'n at 2. As was the case at the plea and sentencing stages, the undisputed facts furnish the necessary link triggering the mandatory two-point enhancement. *Mathis,* 216 F.3d at 27; Plea Agreement ¶ 2; PSR ¶¶ 3–10; *see also United States v. Eastland,* 989 F.2d 760, 770 (5th Cir.1993) (recognizing that a temporal and spatial relation between the weapon, drug activity, and the defendant establishes possession of a weapon under § 2D1.1(b)(1)); *United States v. Hooten,* 942 F.2d 878, 882 (5th Cir.1991) (noting that evidence of a weapon found in the same location of drugs generally comprises possession of a weapon under § 2D1.1(b)(1)). Moreover, courts have approved findings of firearms possession in situations far more benign than the one in this case. *E.g., United States v. Torres,* 901 F.2d 205 (2d Cir.1990) (search of apartment leased to female defendant and shared with male occupant revealed a handgun under queen-sized mattress); *United States v. Hewin,* 877 F.2d 3 (5th Cir.1989) ("dinky little gun" in a box in the back seat of a co-defendant's car in which the defendant was arrested while transporting drugs); *United States v. Otero,* 868 F.2d 1412 (5th Cir.1989) (handgun and rounds of ammunition found in defendant's van parked outside the site of drug sale

and arrest); *United States v. Restrepo,* 884 F.2d 1294 (9th Cir.1989) (pistol discovered between mattress and box springs of the defendant's bed following his arrest in another part of the house). As a result, the court will not retract the sentence enhancement and, therefore, is unable to offer relief to the petitioner.

## IV. CONCLUSION

For the foregoing reasons, the court denies the petitioner's post-sentence motion for relief. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 26th day of February 2004.